IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| REGINALD UNDERWOOD FULLARD, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:15CV85 |
| NORTH CAROLINA YADKIN COUNTY, et al., | ) ) ) ) | |
| Defendant(s). | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff has not named proper defendants. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights. Instead, he mainly names state or federal offices or entities. He does name the director of the Bureau of Alcohol, Tobacco, and Firearms and the United States Attorney General. However, as discussed below, his claims are unclear. He also fails to link these Defendants to those claims.

2. Rather than state his claims plainly, Plaintiff fills his claims with legal jargon, catch phrases, and conclusions, rendering their meaning unclear. Plaintiff should plainly state his claims, alleging exactly which persons violated his rights and how they did so. Further, it appears that Plaintiff may be attacking his criminal convictions. If so, this is not proper under § 1983 and he would have to instead file a petition for habeas corpus under 28 U.S.C. § 2254. Finally, it is not clear when the events set out in the Complaint occurred, but it appears that they may have occurred in 1997. If so, the Complaint is untimely under the three-year statute of limitations that applies to § 1983

actions. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 29th day of January, 2015.

Joe L. Webster
United States Magistrate Judge